Macrina M. Sharpe (Wyo. State Bar # 7-5757)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
MMSharpe@hollandhart.com
KJSchlueter@hollandhart.com

Michael Y. Ley (*pro hac vice* forthcoming)
BURNS, FIGA & WILL, P.C.
6400 S. Fiddler's Green Circle, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 796-2626
mley@bfwlaw.com

ATTORNEYS FOR PETITIONERS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STERCORAT HUNGARY, Kft, and INTECH ENGINEERS s.r.o. f/k/a INTECH, spol. s.r.o.,<br><br>Petitioners,<br><br>vs.<br><br>CLARKE RAJCHEL ENGINEERING, LLC,<br><br>Respondent. | Civil Action No. 1:25-cv-00147 |

**PETITION TO CONFIRM FOREIGN ARBITRATION AWARD**

PETITIONERS STERCORAT HUNGARY, KFT. and INTECH, ENGINEERS S.R.O. f/k/a INTECH, spol. s.r.o., by and through its attorneys, BURNS, FIGA, & WILL, P.C. and HOLLAND & HART LLP, for their Petition to Confirm Foreign Arbitration Award against RESPONDENT CLARKE RAJCHEL ENGINEERING, LLC, allege as follows:

## PRELIMINARY STATEMENT

1. This is a petition for confirmation of an arbitration award rendered under the Vienna International Arbitral Centre ("VIAC") Rules, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and 9 U.S.C. § 207.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 (original jurisdiction over civil actions arising under treaties of the United States), 9 U.S.C. §§ 203 and 207 (Chapter 2 of the Federal Arbitration Act), and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), a treaty to which the United States is a party. Venue is proper in this District pursuant to 9 U.S.C. § 204, as (upon information and belief) Respondent maintains its principal place of business within this District and, in the absence of an arbitration agreement, the underlying dispute could have been brought here.

3. The arbitral award at issue was rendered in Vienna, Austria, on September 27, 2024, and qualifies for enforcement under Article I of the New York Convention. The award is a non-domestic arbitral award arising from a commercial legal relationship between the parties.

## PARTIES

4. Petitioner Stercorat Hungary, Kft. is a company with its Registered Office at: 1137 Budapest, Jászai Mari Tér 5-6, Hungary, Company Identification No.: 01-09-276650, registered with Fővárosi Törvényszék Cégbírósága, that is involved in the production and distribution of liquid fertilizers for agriculture. Petitioner, INTECH, is a company incorporated under the laws of Slovakia with its principal place of business in Bratislava, Slovakia. INTECH is an engineering company that provides services primarily in chemical, petrochemical, and

pharmaceutical industries. As of January 1, 2025, INTECH's business name changed from INTECH, spol. s.r.o. to INTECH ENGINEERS s.r.o.

5. Upon information and belief, respondent Clarke Rajchel Engineering LLC ("CRE") is a limited liability company formed under the laws of Wyoming, with its principal place of business at 1410 E. Custer Street, Laramie, Wyoming 82070. CRE focuses on chemical engineering solutions and process control.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking confirmation of an award rendered in an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards ("New York Convention"), which may be enforced under the Federal Arbitration Act, 9 U.S.C. § 201, *et. seq.*

## FACTS

7. Respondent Clarke Rajchel Engineering LLC initiated the arbitration claims against Petitioners. The arbitral proceedings were conducted in accordance with those VIAC Rules. It was undisputed that the Rules of the Arbitration of the Vienna International Arbitral Center of the Austrian Federal Economic Chamber in force as from January 1, 2018 applied to the arbitration proceedings.

8. A copy of the written arbitration agreement is attached as **Exhibit 1**.

9. Following a merits hearing held on August 19, 2024, in Vienna, the arbitral tribunal issued its reasoned Final Award on September 27, 2024. The Petitioners prevailed and the tribunal awarded Petitioners EUR 2,000,000 in legal fees and another EUR 262,712.38 in arbitration costs, for a total of EUR 2,262,712.38. The tribunal also awarded Respondent $37,371.45 plus pre-award interest.

10. A certified copy of the Final Award is attached hereto as **Exhibit 2**.

11. In a letter dated October 24, 2024, Petitioners declared a setoff of the amounts owed to Respondent against the amounts Respondent owes to Petitioners. That letter is attached as **Exhibit 3**. After the setoff, currency conversion, and amounts on deposit with the arbitral tribunal that were transferred to Petitioners, as of October 24, 2024, Respondent owed Petitioners EUR 2,089,910.52. As noted in the letter, the amount owed to Petitioners is accruing daily interest at EUR 810.86. Thus, as of June 16, 2025, the amount Respondent owes to Petitioners is EUR 2,261,002.05 calculated as follows:

| +EUR | 2,000,000.00 | appropriate party costs |
| --- | --- | --- |
| +EUR | 262,712.38 | costs of arbitration |
| +EUR | 189,741.24 | default interest |
| -EUR | 41,451.57 | set-off amount |
| -EUR | 150,000.00 | advance on costs |
| =EUR | 2,261,002.05 | total as of June 16, 2025 |

Despite written demands for payment, no portion of the awarded sum has been paid.

12. The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

## GROUNDS FOR CONFIRMATION

13. No valid defenses to confirmation exist under Article V of the New York Convention. Specifically:

    a. Capacity: Both Petitioners and Respondent possessed full legal capacity to enter into the underlying Contract and the arbitration agreement contained

therein. Under Austrian law, which governed the arbitration agreement pursuant to the parties' express choice of law, both entities were duly informed, competent, and authorized to bind themselves to contractual obligations, including arbitration. There is no evidence of incapacity, duress, or invalidity affecting the agreement to arbitrate.

b. The arbitral proceedings were conducted in strict accordance with the parties' written agreement and the VIAC Rules. Both parties were provided with proper and repeated notice of all proceedings, deadlines, and hearings. Respondent was granted ample procedural opportunities to participate, present evidence, and submit arguments, including extensions of time to respond. The arbitral tribunal acted in full compliance with due process and afforded both sides a fair and reasonable opportunity to be heard.

c. Enforcement of the arbitral award does not contravene the public policy of the United States. The award arises from a commercial dispute governed by an international contract and has been rendered by a competent tribunal following recognized international arbitration standards. There are no findings in the award that violate fundamental notions of morality or justice, nor is there any indication that enforcement would result in injustice or undermine U.S. legal principles. To the contrary, enforcement upholds international contractual obligations and the integrity of cross-border arbitration.

    d. This Petition has been filed well within the three-year limitations period for seeking confirmation of a foreign arbitral award, as required by 9 U.S.C. § 207. The Final Award was issued on September 27, 2024, and this Petition is being filed in June 2025, within less than one year of issuance. Therefore, the petition is timely and procedurally proper under the applicable statutory framework.

**COUNT ONE (CONFIRM FOREIGN ARBITRATION AWARD UNDER THE NEW YORK CONVENTION)**

14. Petitioners repeat and reallege paragraphs 1 through 13 hereof, as if fully set forth within.

15. By reason of the foregoing, the Court should issue an order confirming the arbitration award attached hereto as **Exhibit 2** by the Vienna International Arbitral Centre dated September 27, 2024 and enter judgment thereon.

**WHEREFORE**, Petitioners respectfully request that this Court:

1. Confirm the foreign arbitral award issued by the Vienna International Arbitral Centre on September 27, 2024;

2. Enter judgment in favor of Petitioners and against Respondent in the amount of EUR 2,261,002.05 as of June 16, 2025, with daily interest of EUR 810.86 accruing thereafter;

3. Award Petitioners its reasonable attorneys' fees and costs incurred in this proceeding, as permitted under the arbitration agreement and applicable law; and

4. Grant such other and further relief as the Court deems just and proper.

DATED:  June 16, 2025.

<u>/s/ Macrina M. Sharpe</u>
Macrina M. Sharpe (Wyo. State Bar # 7-5757)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
MMSharpe@hollandhart.com
KJSchlueter@hollandhart.com

Michael Y. Ley (*pro hac vice* forthcoming)
BURNS, FIGA & WILL, P.C.
6400 S. Fiddler's Green Circle, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 796-2626
mley@bfwlaw.com

ATTORNEYS FOR PETITIONERS

35135042_v2